# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **EAGLE SOFTWARE CORP.,** | : | **CASE NO. 3:18-cv-00319-WHR** |
| **Plaintiff,** | : | **DISTRICT JUDGE RICE** |
| | : | **MAGISTRATE JUDGE NEWMAN** |
| v. | : | |
| **APPRISS INC.,** | : | **STIPULATED PROTECTIVE ORDER** |
| **Defendant.** | : | |

This matter is before the Court upon the Joint Motion for Protective Order filed by Plaintiff Eagle Software Corp. and Defendant Appriss, Inc. (collectively the "Parties" and individually, each a "Party"). To allow the parties to exchange discovery in this matter ("Action"), and pursuant to Federal Rule of Civil Procedure 26(c), the Parties have agreed to, and jointly ask the Court to enter, this Protective Order limiting the use and disclosure of confidential information. THEREFORE, in accordance with the Parties' joint motion, and for good cause shown, this Court enters the following Stipulated Protective Order ("Order"):

1. "Discovery Material" means all documents, electronic data, testimony, or other information produced, subpoenaed, transcribed, given to, served upon, or filed by any Party or non-party ("Designating Party") in connection with formal or informal discovery, hearing, subpoena, or trial proceeding (whether in the form of depositions, transcripts, interrogatory answers, document productions, responses to requests for admission, or otherwise), or in any pleading, motion, affidavit, declaration, brief, or other document submitted to the Court.

2. "Confidential Information" means Discovery Material containing financial, business or other sensitive information, marked as "CONFIDENTIAL" in accordance with Paragraph 8, that a Designating Party believes in good faith is, or contains, proprietary, confidential, commercially sensitive, or trade secret information and is entitled to confidential treatment pursuant to Federal Rule of Civil Procedure 26(c), or any other statute or regulation restricting disclosure. Confidential Information shall also include any copy, excerpt, digest, compilation, or summary relying in any part on, or including in whole or in part, Confidential Information.

3. Confidential Information shall not be used by a Party or any non-party receiving such Confidential Information ("Receiving Party"), including those persons set forth below, for any purpose other than this Action. Confidential Information shall not be disclosed by the Receiving Party without the prior written consent of the Designating Party or an order of this Court, except to the following:

    a. Counsel for the Parties and Counsels' employees;

    b. The Parties;

    c. Litigation consultants, contractors, and persons designated as expert witnesses in this Action;

    d. The Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and staff attorneys, provided that the Confidential Information is filed in accordance with the terms of this Order; and

    e. Witnesses or potential witnesses that are not Parties, but only to the extent that there is a good faith belief that the witness or potential witness has prior personal knowledge of the Confidential Information.

4. Regarding the Receiving Parties designated in Paragraph 3(c) and (e) of this Order, no disclosure of Confidential Information will be made until the Receiving Party has been

provided with a copy of this Order and has agreed to be bound by signing the Declaration of Compliance attached to this Order as Exhibit A ("Declaration").

5. A witness who: (1) furnishes Confidential Information; or (2) is a person that authored, was an addressee, or received a copy of the Confidential Information may, during the trial or deposition testimony, review Confidential Information that may be relevant to the witness's testimony without signing the Declaration, provided the person is instructed in writing or on the record that they are bound by this Order and, at the end of the deposition or trial, the document(s) containing Confidential Information are provided only to the court reporter and counsel for the Parties, or as otherwise provided for in this Order.

6. If a Party or non-party furnishing Confidential Information has a good faith belief there has been a breach of this Order, that Party or non-party may ask the Court to require the appropriate Parties to provide the Court a list of persons who received Confidential Information for purposes of enforcing this Order.

7. Counsel for each Party will retain all executed copies of the Declaration from each person to whom it discloses any Confidential Information, other than its own Confidential Information.

8. Any Discovery Material considered to be, or to contain, Confidential Information will be marked "CONFIDENTIAL" in a readily visible or noticeable manner at the time the Discovery Material is furnished to the Receiving Party or at any time thereafter. The Parties recognize that due to the volume of materials that may be produced, and to expedite producing documents, certain documents may be inadvertently designated as "CONFIDENTIAL" that are not entitled to treatment as Confidential Information. A Receiving Party may, at any time, seek to clarify any such designation by following the conflict resolution provisions in Paragraph 13.

Failure by the producing Party to designate any Discovery Material as "CONFIDENTIAL" when produced does not constitute a waiver of confidentiality and will not preclude later designation as "CONFIDENTIAL." In the case of documents, interrogatory answers, and responses to requests for admission, Confidential Information will be designated by a stamp or designation on each such document or response before production or service. Any Party photocopying or otherwise duplicating Confidential Information will ensure that the "CONFIDENTIAL" designation appears clearly on any copies or duplicates.

9. Whenever Confidential Information will be referred to or disclosed in a deposition, any Party or non-party may exclude from the room any person who is not authorized to receive Confidential Information under this Order during such testimony. Any testimony given in any deposition in the Action may be designated as "CONFIDENTIAL" by any Party or non-Party by making such designation on the record. A Party or non-party may also make such designation in writing to the court reporter and the Parties if the designations are made within thirty (30) days after the transcript has been made available, and notice of such designations is sent to all Counsel of record. Only individuals who have executed the Declaration, and those individuals designated in Paragraphs 3(a), (b), (c), and (d) can obtain copies of that part of the transcript and/or deposition exhibits that contain "Confidential Information."

10. All Receiving Parties will take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, will disclose such information only to individuals authorized to receive the information under this Order, and will retain the information in a secure manner.

11. Whenever Confidential Information will be used in a hearing or at trial, any Party or non-party may move the Court to exclude from the room those persons who are not authorized to receive Confidential Information under this Order.

12. This Stipulated Protective Order does not authorize filing under seal. Should any Party wish to file a "CONFIDENTIAL" designated document under seal, or file briefing or other documents summarizing or including information from a "CONFIDENTIAL" designated document, then the Party shall file a motion showing the legal basis for the sealing of such documents. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), no document may be filed with the Court under seal without prior permission from the Court as to each document, upon motion and upon demonstrating "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal [requested] is no broader than necessary[.]" *Shane Group*, 825 F.3d at 306. Parties granted leave to file material under seal, or parties seeking an in camera inspection of materials by the Court, shall comply with all applicable provisions of the Southern District of Ohio Local Rules. This Stipulated Protective Order does not, in and of itself, authorize filing any materials under seal and any provisions in this Stipulated Protective Order to the contrary are hereby stricken. Parties intending to file any information designated as Confidential shall confer with all counsel sufficiently in advance of filing so as not to delay any deadlines set by the Court.Upon entry of an order granting the motion, the documents shall be submitted to the Court under seal in accordance with S.D. Ohio Loc. R. 5.2.1.

13. In the event any Party disagrees with any designation made under this Order, that party shall serve written notice of such objection to the Designating Party, specifically

identifying the document designated and the basis for dispute as to each document. The Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be treated as "CONFIDENTIAL" subject to the provisions of this Order.

14. Inadvertent or unintentional disclosure of Confidential Information will not be deemed a waiver, in whole or in part, of a Party's or non-party's claim of confidentiality with respect to either the information disclosed or any other related information, provided that the Designating Party promptly notifies the Parties in writing when the inadvertent disclosure is discovered. Disclosure of the document or information by the Receiving Party before a later designation as "CONFIDENTIAL" will not be deemed a violation of this Order, but all reasonable steps shall be taken to protect inadvertent disclosure of Confidential Information after notification is received in accordance with this Order.

15. Throughout, and after the termination of this Litigation, whether by settlement, agreement, and/or judgment or decision of the Court (including the expiration of all times for appeals) ("Termination"): the restrictions on disclosure and use provided for by this Order will continue to be binding on the Parties and all other persons to whom Confidential Information has been communicated or disclosed.

16. Nothing in this Order will prevent any Party from seeking to broaden or restrict access to, or the use of, Confidential Information or otherwise seeking to modify this Order.

17. This Order is designed to: (1) facilitate discovery and document production in this Action; and (2) preclude dissemination of Discovery Material designated in good faith as

Confidential Information, before an agreement among the Parties or a definitive determination by the Court. Nothing in this Order will prejudice the right of any Party to seek a court determination whether documents, information or testimony should remain subject to this Order. Any Party may ask the Court to modify or otherwise grant relief from any part of this Order.

18. While this Order does not contain a provision further limiting documents as Confidential-Attorneys Eyes Only, the Parties agree that neither has waived any right to claim that certain documents can be produced only via such a provision or to seek a protective order or other court order to this effect should the same become necessary.

19. Within thirty (30) days after Termination: (a) all original or copies of Confidential Information will promptly be destroyed by the Receiving Party or returned to the Designating Party; (b) all notes, abstracts, summaries, and excerpts prepared from Confidential Information by anyone other than counsel for the Parties will be destroyed, except that counsel for the Parties may keep a copy of documents indentified in this subsection for their files; (c) all electronically stored data that includes any copy, excerpt, or summary containing Confidential Information will be deleted, except that counsel for the Parties may keep a copy of electronically stored data indentified in this subsection for their files; (d) counsel for the Receiving Party will provide a certification in writing within twenty-one (21) days after Termination, to counsel for all Designating Parties (or to the Designating Party if he, she, or it does not have counsel) that all Confidential Information held by non-parties has been destroyed, deleted or returned. Counsel for the Parties will be permitted to retain a copy of any material containing Confidential Information, including all electronically stored data, all notes, abstracts, summaries, and excerpts prepared from Confidential Information conditioned upon the continuing duty not to use or

disclose such Confidential Information without Court order or written agreement of the Designating Party.

                                                 s/ Michael J. Newman
                                        MAGISTRATE JUDGE MICHAEL J. NEWMAN

Submitted by:

| | |
|---|---|
| /s/ *Jeffrey A. Andrews* _____ | /s/ *Kellie R. Beckman (by permission)* |
| Jeffrey A. Andrews (admitted *pro hac vice*) | Benjamin J. Helwig (0079184) |
| YETTER COLEMAN LLP | Charles N. Galvin (0091138) |
| 811 Main Street, Suite 4100 | FROST BROWN TODD LLC |
| Houston, Texas 77002 | 9277 Centre Pointe Drive, Suite 300 |
| Telephone: (713)-632-8000 | West Chester, Ohio 45069 |
| Facsimile: (713) 632-8002 | Telephone: (513) 870-8200 |
| jandrews@yettercoleman.com | Facsimile: (513) 870-0999 |
| | bhelwig@fbtlaw.com |
| Jessica Salisbury-Copper (0085038) | cgalvin@fbtlaw.com |
| Jamar T. King (0091093) | |
| THOMPSON HINE LLP | Cory J. Skolnick (admitted *pro hac vice)* |
| 10050 Innovation Drive, Suite 400 | Kellie R. Beckman (admitted *pro hac vice)* |
| Miamisburg, Ohio 45342 | FROST BROWN TODD LLC |
| Telephone: (937) 443-6854 | 400 W. Market St., Suite 3200 |
| Facsimile: (937) 443-6635 | Louisville, Kentucky 40202 |
| Jessica.Salisbury-Copper@ThompsonHine.com | Telephone: (502) 589-5400 |
| Jamar.King@ThompsonHine.com | cskolnick@fbtlaw.com |
| | kbeckman@fbtlaw.com |
| *Attorneys for Plaintiff Eagle Software Corporation* | *Attorneys for Defendant Appriss Inc.* |

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. I have read and understand, and will comply with the provisions of the Stipulated Protective Order entered by the Court in *Eagle Software Corp. v. Appriss, Inc.*, United States District Court for the Southern District of Ohio Case No. 3:18-cv-00319-WHR.

2. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials designated as "CONFIDENTIAL" pursuant to the Stipulated Protective order.

3. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

4. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents, or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

5. I submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purposes of enforcing the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed: _____, 20___.

_____
(Signature)

_____
(Title or Position)

_____
(Employer)